B! Official Form 1 (1/08)

| United States Bankruptcy Court<br>**WESTERN DISTRICT OF NEW YORK** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br><br>DARLING, MICHAEL P. | Name of Joint Debtor (if individual, enter Last, First, Middle):<br><br>DARLING, SANDRA L. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./complete EIN or other Tax I.D. No. (if more than one, state all):<br><br>xxx-xx-1563 | Last four digits of Soc. Sec./complete EIN or other Tax I.D. No. (if more than one, state all):<br><br>xxx-xx-0309 |
| Street Address of Debtor (No., St, City, State, & Zip Code):<br><br>4 Jones Terrace<br>Bloomfield, NY<br><br>ZIP CODE  14469 | Street Address of Joint Debtor (No., St, City, State, & Zip Code):<br><br>4 Jones Terrace<br>Bloomfield, NY<br><br>ZIP CODE  14469 |
| County of Residence or of the Principal Place of Business:<br>Ontario | County of Residence or of the Principal Place of Business:<br>Ontario |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from address stated above):<br><br>ZIP CODE | |

**Type of Debtor**
(Form of Organization)
(Check one box)

[X] Individual (includes joint debtors)
*See Exhibit D on page 2 of this form*

[] Corporation (includes LLC and LLP)
[] Partnership
[] Other (If debtor is not one of the above entities, check this box and state type of entity below

_____

**Nature of Business**
(Check **one** box)

[] Health Care Business
[] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
[] Railroad
[] Stockbroker
[] Commodity Broker
[] Clearing Bank
[] Other

**Tax-Exempt Entity**
(Check box, if applicable)
[] Debtor is a tax-exempt organization under Title 26 of the United States Internal Revenue Code

**Chapter of Bankruptcy Code Under Which the Petition is filed (Check one box)**

[X] Chapter 7        [] Chapter 15 for Recognition
[] Chapter 9           of a Foreign Main Proceeding
[] Chapter 11
[] Chapter 12        [] Chapter 15 for Recognition
[] Chapter 13          of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

[x] Debts are primarily consumer debts as defined in 11 U.S.C. § 101(8) as incurred by an individual primarily for a personal, family or household purpose
[] Debts are primarily business debts

**Filing Fee** (Check one box))

[X] Full Filing Fee attached

[] Filing Fee to be paid in installments (Applicable to individuals only) Must attached signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

[] Filing Fee waiver requested (applicable to chapter 7 individuals only) Must attach signed application for the court's consideration. See

**Chapter 11 Debtors** (Check one box)
[] Debtor is a small business as defined in 11 U.S.C. § 101(51D)
[] Debtor is not a small business as defined in 11 U.S.C. § 101(51D)

**Check if:**
[] Debtor 's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000

----------------------------------------------------------------------
**Check all applicable boxes:**
[] A plan is being filed with this petition
[] Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b)

**Statistical/Administrative Information**

[] Debtor estimates that funds will be available for distribution to unsecured creditors.
[x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| [x] | [] | [] | [] | [] | [] | [] | [] | [] | [] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1000-5,000 | 5,001 -10,000 | 10,001 -25,000 | 25,0001-50,000 | 50001-100,000 | over 100,000 |

Estimated Assets

| [] | [] | [x] | [] | [] | [] | [] | [] | [] | [] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,000 to $500,000 | $500,001 to $1 million | $1,000,001 to10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| [] | [] | [x] | [] | [] | [] | [] | [] | [] | [] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,000 to $500,000 | $500,001 to $1 million | $1,000,001 to10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to 500 million | $500,000,001 to $1 billion | More than $1 billion |

**Voluntary Petition**
(This page must be completed and filed in every case.)

| Name of Debtor(s): | FORM B1, Page 2 |
|---|---|
| MICHAEL P. DARLING and SANDRA R. DARLING | |

| **Prior Bankruptcy Case Filed Within the last 8 Years** (if more than one, attach additional sheet.) |||
|---|---|---|
| Location Where filed:    None | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:    None | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if the Debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11) | (To be completed if Debtor is an individual whose debts are primarily consumer debts.) |
| []          Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter.  I further certify that I have delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code |
| | X_____ |
| | /S/  BRIAN C. BUETTNER      Date:  March 21, 2009 Attorney |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? |
| [] Yes, and Exhibit C is attached and made part of this petition. |
| [x] No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D) |
| [x]   Exhibit D completed and signed by the debtor is attached and made a part of this petition |
| If this is a joint petition : |
| [x]   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition |

| **Information Regarding the Debtor (Check the Applicable Boxes) - Venue:** |
|---|
| (Check any applicable box) |
| [x]          Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. |
| []          There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. |
| []          Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal court or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District |

| **Certification by a Debtor Who resides as a Tenant of Residential Property** |
|---|
| (Check all applicable boxes) |
| []          Landlord has a judgment against the debtor for possession of debtor's residence |
| _____ name of landlord that obtained judgment |
| _____ address of landlord |
| []          debtor claims that under applicable bankruptcy law, there are circumstances under which the debtor would be permitted to cure the monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and |
| []          Debtor has included in this petition a deposit with the court of any rent that would become due during the 30-day period after the filing of the petition |

| **Voluntary Petition** *(this page to be completed in every case)* | Names(s) of Debtor(s)<br>MICHAEL P. DARLING and<br>SANDRA R. DARLING |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If the petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br><br>X_____<br>     /S/   MICHAEL P. DARLING   - Debtor<br><br><br>X_____<br>     /S/   SANDRA R. DARLING   - Joint Debtor<br>_____<br>    Telephone Number (If not represented by attorney)<br><br>    Date  March 21, 2009 | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>[]   I request relief in accordance with chapter 15 of title 11 United States Code<br>      Certified copies of the documents required by 11 U.S.C. 1515 are attached<br><br>[]   Pursuant to 11 U.S.C. 1511, I request relief in accordance with the chapter of title 11 specified in this petition.  A certified copy of the order granting recognition of the foreign proceeding is attached<br><br><br>X_____<br>    Signature of Foreign Representative<br>    /S/<br>_____<br>(Printed Name of Foreign Representative )<br><br>_____<br>Date: |

| **Signature of Attorney** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| <br>X_____<br>   /S/    BRIAN C. BUETTNER, ESQ.<br>         16 East Main Street, Suite 430<br>         Rochester, NY 14614<br><br>         (585) 454-1760<br><br>    Date  March 21, 2009 | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached<br>_____<br>Printed Name of Bankruptcy Petition Preparer<br>_____<br>Social Security Number  (If the bankruptcy petition preparer is not an individual, state Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br><br>X_____<br>   Signature of Authorized Individual<br>_____<br>   Printed Name of Authorized Individual<br>_____<br>   Title of Authorized Individual<br><br>   Date | _____<br>    Address<br>X  _____<br>_____<br>    Date<br>Signature of the bankruptcy petition preparer or officer, principal or responsible person whose Social Security number is provided above<br><br>Name and Social Security Numbers of all other individuals who prepared or assisted in preparing this document:<br><br>Names and social security numbers of all individuals who prepared or assisted in preparing this document unless bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.* |

# UNITED STATES BANKRUPTCY COURT

In re:   MICHAEL P. DARLING and
         SANDRA R. DARLING

                                        Case No._____
             Debtor(s)                   (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[X] 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[] 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

[] 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

[]4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
      [] Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
      [] Disability. (Defined in 11 U.S.C.§ 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.)**;**
      [] Active military duty in a military combat zone.

[] 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

         Signature of Debtor: _____
                         /s/ MICHAEL P. DARLING

         Date: March 21, 2009

# UNITED STATES BANKRUPTCY COURT

In re:   MICHAEL P. DARLING and
         SANDRA R. DARLING

                         Debtor(s)

Case No._____
(if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
### CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

[X] 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

[] 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

[] 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory with the court you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case.  Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days.  Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

[]4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
       [] Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
       [] Disability. (Defined in 11 U.S.C.§ 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by  telephone, or through the Internet.)**;**
       [] Active military duty in a military combat zone.

[] 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____
                      /s/ SANDRA R. DARLING

Date: March 21, 2009

In re:    MICHAEL P. DARLING and
          SANDRA R. DARLING
                              Debtor(s)        Case No.

                                               Chapter   7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A- Real Property | Y | 1 | $107,980.00 | | |
| B - Personal Property | Y | 2 | $20,450.00 | | |
| C - Property Claimed as Exempt | Y | 1 | | | |
| D - Creditors Holding Secured Claims | Y | 1 | | $145,240.00 | |
| E - Creditors Holding Unsecured Priority Claims | Y | 1 | | $0.00 | |
| F – Creditors Holding Unsecured Nonpriority Claims | Y | 1 | | $51,777.68 | |
| G- Executory Contracts and Unexpired Leases | Y | 1 | | | |
| H – Codebtors | Y | | | | |
| I  - Current Income of Individual Debtor(s) | Y | 1 | | | $3,967.99 |
| J - Current Expenditures of Individual Debtor(s) | Y | 1 | | | $4,498.00 |
| **Total** | | 10 | $128,430.00 | $197,017.68 | |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:  MICHAEL P. DARLING and
        SANDRA R. DARLING

                              Debtor(s)        Case No.

                                               Chapter        7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA  (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

[ ] Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules and total them**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligation (from Schedule E) | $0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E)  (whether disputed or undisputed) | $0.00 |
| Claims for Death or Personal Injury while Debtor was Intoxicated (from Schedule E) | $0.00 |
| Student Loan Obligations (from Schedule F) | $0.00 |
| Domestic Support, Separation Agreement and Divorce Decree Obligations Not Reported on Schedule E | $0.00 |
| Obligations to Pension or Profit-sharing, and Other Similar Obligations (from Schedule F) | $0.00 |
| TOTAL | $0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $3,967.99 |
| Average Expenses (from Schedule J, Line 18) | $4,498.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | $6,975.41 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $38,910.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $0.00 |
| 4. Total from Schedule F | | $51,777.68 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $90,687.68 |

In re:   MICHAEL P. DARLING and
         SANDRA R. DARLING

                    Debtor                                          Case No.

                        SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H, W, J, C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| debtor's residence located at:<br>4 Jones Terrace<br>Bloomfield, NY 14669<br>single family house | joint fee simple;<br>deed recorded at Ontario County Clerk's Office on 11/22/04, book 1113, page 520; property encumbered by first and second mortgages listed on schedule D | J | 107,980.00 | 145,240.00 |
| | TOTAL | | $107,980.00 | |

In re:    MICHAEL P. DARLING and  SANDRA R. DARLING

Case No.

## SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | None | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | Current Value of debtor's interest in property, without deducting any secured claim or exemption |
|---|---|---|---|---|
| 1. Cash on hand | | in debtor's possession | j | 20.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, homestead associations, or credit unions, brokerage houses, or cooperatives. | | checking account at Canandaigua National Bank acct # 6311 | j | 1,660.00 |
| | | savings account at Canandaigua National Bank acct # 4898 | j | 0.00 |
| 3. Security deposits with public utilities, telephone companies, land-lords, and others. | X | | | |
| 4. Household goods and furnishings including audio, video and computer equipment | | furniture, refrigerator, stove, kitchen items and appliances television, radio/stereo, bedding, food, other miscellaneous household goods | j | 2,550.00 |
| | | VCR/DVD player, washer/dryer, home computer, Wii, miscellaneous household tools, lawnmower, snow blower, garden equipment | | 2,100.00 |
| 5. Books; picture and other art objects; antiques; stamp, coin,record, tape, compact disc, and other collections or collectibles | | library, photographs, miscellaneous personal items | j | 20.00 |
| | | DVD collection, Wii games | | 300.00 |
| 6. Wearing apparel. | | miscellaneous. used clothing | h/w | 1,000.00 |
| 7. Furs and jewelry. | | watches, wedding bands | h/w | 100.00 |
| | | diamond ring, engagement ring, costume jewelry | w | 500.00 |
| 8. Firearms and sports, photographic and other hobby equipment | | 4 bicycles $200, camera $50 2 guns $350 | j | 600.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each | X | | | |
| 10.Annuities. Itemize and name each issuer | X | | | |
| 11.Interests in an education IRA, as defined in 26 U.S.C.§ 530(b)(1) or under a qualified state tuition plan as defined in §529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s).  11 U.S.C. §521(c); Rule 1007(b) | X | | | |
| 12.Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | 401K plan though Paychex | h | 1,500.00 |
| 13.Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.Interests in partnerships or joint ventures. Itemize | X | | | |
| 15.Government and corporate bonds and other negotiable and non-negotiable instruments | X | | | |
| 16.Accounts receivable. | X | | | |
| 17.Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |

| TYPE OF PROPERTY | None | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | Current Value of debtor's interest in property, without deducting any secured claim or exemption |
|---|---|---|---|---|
| 18.Other liquidated debts owing debtor including tax refunds Give particulars | X | | | |
| 19.Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in schedule of real property. | X | | | |
| 20.Contingent and noncontingent inter-ests in estate of a decedent, death bene-fit plan, life insurance policy or trust | X | | | |
| 21.Other contingent and unliquidated claims of any nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Estimated pre-petition potion of 2009 tax refunds (2008 Federal/NYS refunds: $3383 / $1028)

possible worker's comp settlement | j | 1,200.00

unknown |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises and other general intangibles. Give particulars. | X | | | |
| 24.Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2002 Chevrolet Silverado

1991 Coleman Camper | h

h | 8,150.00

500.00 |
| 26.Boats, motors and accessories | X | | | |
| 27.Aircraft and accessories | X | | | |
| 28.Office equipment, furnishings and supplies. | X | | | |
| 29.Machinery, fixtures, equipment, and supplies used in business | X | | | |
| 30.Inventory. | X | | | |
| 31.Animals | | Chocolate Lab | j | 250.00 |
| 32.Crops-growing or harvested. Give particulars. | X | | | |
| 33.Farming equipment and implements. | X | | | |
| 34.Farm supplies, chemicals, and feed. | X | | | |
| 35.Other personal property of any kind not already listed. Itemize | X | | | |
| **TOTAL** | | | | **$20,450.00** |

In re: MICHAEL P. DARLING and
SANDRA R. DARLING

                    Debtor                                        Case No.

## SCHEDULE C -  PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
[✔]       11 U.S.C. § 522(b)(2)
[ ]        11 U.S.C. § 522(b)(3)

[ ] Check if debtor claims a homestead exemption that exceeds $136,875.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| cash held by debtors | Debtor & Creditor §283 | 20.00 | 20.00 |
| bank account | Debtor & Creditor §283 | 1,660.00 | 1,660.00 |
| bank account | Debtor & Creditor §283 | 0.00 | 0.00 |
| possible tax refund | Debtor & Creditor §283 | 1,200.00 | 1,200.00 |
| debtor's vehicle | Debtor & Creditor §282 | nominal | 8,150.00 |
| debtor's exempt household goods: household furniture, refrigerator, stove, kitchen items television, radio, bedding, food, lamps, other miscellaneous property | CPLR §5205(a)1 | 2,550.00 | 2,550.00 |
| debtor's clothing | CPLR §5205(a)(5) | 1,000.00 | 1,000.00 |
| debtors' wedding rings, watches | CPLR §5205(a) | 100.00 | 100.00 |
| debtor's library, photographs | CPLR §5205(a) | 20.00 | 20.00 |
| debtor's pet | CPLR §5205(a)4 | 250.00 | 250.00 |
| ERISA qualified retirement plan (pursuant to 11 USC 541(c)(2), the retirement plan does not come into the estate.) | 11 USC §522(b)(3)(c) CPLR §5205(c) | 1,500.00 | 1,500.00 |
| worker's compensation  benefits | Insurance Law §3212 | unknown | entire amount |
| total of exemptions | | 8,300.00 | |

In re: MICHAEL P. DARLING and
SANDRA R. DARLING
　　　　　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　Case No.

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

[]　　　Check here if debtor has no creditors holding secured claims to report on this schedule D

| Creditor's name, mailing address, including zip code, and account number | co-debt | h w j c | date claim was incurred, nature of lien and market value of property subject to lien | contingent umnliqui-dated, disputed | amount of claim | unsecured portion if any |
|---|---|---|---|---|---|---|
| acct # 4012<br>GECCC<br>345 St Peters Street<br>St Paul, MN 55102 | | j | 2006<br>second mortgage on debtors' residence recorded at Ontario County Clerk's Office, book 1935, page 27<br>Value $107,980.00 | | 34,489.00 | 34,489.00 |
| acct # 4332<br>SunTrust Mortgage<br>P.O. Box 79041<br>Baltimore, MD 21279-0041 | | j | 11/2005<br>mortgage on residence, recorded at Ontario County Clerk's Office, book 1787, page 500<br>Value: $107,980.00 | | 110,751.00 | 2,771.00 |
| acct #<br>Canandaigua National Bank<br>72 South Main Street<br>Canandaigua, NY 14424 | | h | 2008<br>PMSI in 2002 Chevrolet Silverado<br><br>Value $8150 | | 9,800.00 | 1,650.00 |
| acct # | | | Value $ | | | |
| 0 continuation sheets attached　　　　　　　　　TOTAL | | | | | $155,040.00 | $38,910.00 |

In re:   MICHAEL P. DARLING and
         SANDRA R. DARLING

                    Debtor                  Case No.

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

[✔]      Check here if debtor has no creditors holding unsecured priority claims to report on this schedule E

**TYPE OF PRIORITY CLAIMS**   (Check the appropriate category below if claims in that category are listed on this schedule)

[ ]     **Domestic support obligations**    Claims for domestic support that are owed to or are recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian or responsible relative of such a child or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. 507(a)(1)

[ ]     **Extensions of credit in an involuntary case**    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. §507 (a)(2)

[ ]     **Wages, salaries and commissions**    Wages salaries and commissions, including vacation, severance and sick leave pay owing to employees, and commissions owing to qualifying independent sales representative up to $10,000* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507 (a)(3).

[ ]     **Contributions to employee benefit plans**    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. §507 (a)(4).

[ ]     **Certain farmers and fishermen**    Claims of certain farmers and fishermen, up to $4925 per farmer or fisherman, against the debtor, as provided in 11 U.S.C. §507 (a)(5)

[ ]     **Deposits by individuals**    Claims of individuals up to $2,225* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. §507 (a)(6)

[ ]     **Taxes and Certain Other Debts Owed to Governmental Units**    Taxes, customs duties, and penalties owing to federal, state and local governmental units as set forth in 11 U.S.C. §507 (a)(8)

[ ]     **Commitments of Maintain the Capital of an insured Depository Institution**    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. §507 (a)(9)

[ ]     **Claims for Death or Personal Injury While Debtor Was Intoxicated**    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug or other substance

| Creditor's name, mailing address, including zip code, and account number | c o d e b t | h w j c | date claim was incurred and consideration for claim. | contin- gent, un- liquidated disputed | amount of debt | amount entitled to priority | amount not entitled to priority |
|---|---|---|---|---|---|---|---|
| acct # | | | | | | | |
| acct # | | | | | | | |
| acct # | | | | | | | |
| acct # | | | | | | | |
| 0 continuation sheets attached | | | Subtotals | | $0.00 | $0.00 | $0.00 |
| | | | Total | | $0.00 | | |
| | | | Total | | | $0.00 | $0.00 |

In re: MICHAEL P. DARLING and
SANDRA R. DARLING

Debtor                       Case No.

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

[] Check here if debtor has no creditors holding unsecured nonpriority claims to report on this schedule F

| Creditor's name, mailing address, including zip code, and account number | co-debt | hwjc | date claim was incurred and consideration for claim. If claim is subject to setoff, so state | Contingent, Unliquidated, Disputed | amount of debt |
|---|---|---|---|---|---|
| acct # 2884<br>American General Finance<br>600 North Royal Ave<br>Evanville IN 47715 | | w | date(s) incurred: 4/23/07<br>credit card debt | | 3,616.00 |
| acct # 5440<br>Capital One Bank<br>P.O. Box 30281<br>Salt Lake City, UT 84130 | | h | date(s) incurred: 5/04<br>credit card debt | | 5,440.00 |
| acct # 6811<br>John P. Frye, PC<br>PO Box 13665<br>Roanoke, VA 24036-3665 | | | notice purposes<br>representing HSBC | | |
| acct # 7325<br>GEMBPPBYCR<br>P.O. Box 981064<br>El Paso, TX 79998 | | h | date(s) incurred: 2/08<br>credit card debt | | 818.00 |
| acct # 7016<br>GEMB/Lowes<br>P.O. Box 981400<br>El Paso, TX 79998 | | h | date(s) incurred: 5/03<br>credit card debt | | 1,485.00 |
| acct # 4157<br>Global Credit & Collection Corp<br>300 International Drive, Suite 100<br>Williamsville, NY 14221 | | | notice purposes<br>representing Capital One | | |
| acct # 4848<br>HSBC<br>POB 4215<br>Buffalo, NY 14240 | | j | date incurred:<br>personal home improvement loan | | 20,940.00 |
| acct # 3262<br>HSBC<br>POB 5253<br>Carol Stream, IL 60197 | | j | date incurred: 1/20/07<br>credit card debt | | 1,306.24 |
| acct # 8553<br>Sovereign Bank<br>865 Brook Street<br>Rocky Hill, CT 06067 | | h | date incurred: 6//08<br>balance after repossession of vehicle | | 17,715.44 |
| acct # 2902<br>Time Warner Communications<br>71 Mt. Hope Ave<br>Rochester, NY 14620 | | j | 2008<br>cable service | | 457.00 |

0 continuation sheets attached

| | Subtotal (this page) | $51,777.68 |
|---|---|---|
| | TOTAL | $51,777.68 |

In re:    MICHAEL P. DARLING and
          SANDRA R. DARLING

                    Debtor                    Case No.

          SCHEDULE G -  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests
State nature of debtor's interest in contract, i.e. "purchase", Agent", etc. State whether debtor is lessor or lessee of a lease.

[] Check here if debtor has no executory contracts or unexpired leases

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| GMAC<br>P.O. Box 2150<br>Greeley, CO 80632 | wife's 36 month auto lease for 2006 Pontiac G-6<br><br>expires 9/09 |

                    SCHEDULE H -  CODEBTORS

[✔] Check here if debtor has no codebtors

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re:  MICHAEL P. DARLING and
        SANDRA R. DARLING

                    Debtor            Case No.

### SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTORS

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B or 22C

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S) | AGE(S) |
| married | son | 5 |
| | daughter | 8 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | (currently out on worker's comp) | accounting |
| Name of Employer | Paychex | |
| How long employed | 11years | 6 months |
| Address of Employer | | |

| Income: | DEBTOR | SPOUSE |
|---|---|---|
| 1. Current monthly gross wages, salary and commissions (pro rate if not paid monthly.) | | 2,408.00 |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | 0.00 | 2,408.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and Social Security | | 569.71 |
| b. Insurance | | 20.30 |
| c. Union dues | | |
| d. Other (specify)        401K loan | | |
| United way donation | | |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | 0.00 | 590.01 |
| 6. TOTAL NET MONTHLY  TAKE  HOME  PAY | 0.00 | 1,817.99 |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | 0.00 | 0.00 |
| 8. Income from real property | 0.00 | 0.00 |
| 9. Interest and dividends | 0.00 | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | 0.00 | 0.00 |
| 11. Social Security or other government assistance (Specify) | 2,150.00 | 0.00 |
| 12. Pension or retirement income | 0.00 | 0.00 |
| 13. Other monthly income (Specify) | 0.00 | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | 2,150.00 | 0.00 |
| 15. TOTAL MONTHLY INCOME | 2,150.00 | 1,817.99 |
| 16. TOTAL COMBINED MONTHLY INCOME (combine column totals from line 15 | $3,967.99 | |

17.     Describe any increase or decrease in income reasonably anticipated to occur within the year
        following the filing of this document:        None anticipated

In re: MICHAEL P. DARLING and
SANDRA R. DARLING

Debtor                                    Case No.

SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTORS

Complete this schedule by estimating the average or projected monthly expenses for the debtor and the debtor's family at time case is filed.  Prorate any payments made bi-weekly, quarterly, semi-annually or annually to show monthly rate.  The average monthly expenses may differ from the deductions from income allowed on Form 22A or 22C

[ ] Check here if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse"

| | | |
|---|---|---:|
| 1. | Rent or home mortgage payment (include lot rented for mobile home) 1st/2nd mtg $986/$256 | 1,242.00 |
| | Are real estate taxes included?        Yes | |
| | Is property insurance included?        Yes | |
| 2. | Utilities | |
| a. | electricity and heating fuel | 300.00 |
| b. | water and sewer | 44.00 |
| c. | telephone | 92.00 |
| d. | Other (specify) trash collection | 29.00 |
| 3. | Home maintenance (repairs and upkeep) | 100.00 |
| 4. | Food | 650.00 |
| 5. | Clothing | 150.00 |
| 6. | Laundry and dry cleaning | 20.00 |
| 7. | Medical and dental expenses | 194.00 |
| 8. | Transportation (not including car payments) | 500.00 |
| 9. | Recreation, clubs and entertainment, newspapers, magazines, etc | 100.00 |
| 10. | Charitable contributions | |
| 11. | Insurance (not deducted from wages or included in home payments | |
| | homeowner's or renter's | |
| | life | |
| | health | |
| | auto | 123.00 |
| | other | |
| 12. | Taxes (not deducted from wages or included in home mortgage payments) | |
| | (specify) | |
| 13. | Installment payments: | |
| a. | auto | 288.00 |
| b. | other lease payment | 256.00 |
| c. | other | |
| 14. | Alimony, maintenance, and support paid to others | |
| 15. | Payments for support of additional dependents not living at your home | |
| 16. | Regular expenses from operation of business, profession or farm (attach detailed statement) | |
| 17. | Other | |
| | personal hygiene, cleaning/non-durables | 100.00 |
| | lunches at work | 45.00 |
| | school lunches | 80.00 |
| | daycare | 185.00 |
| 18. | TOTAL MONTHLY EXPENSES | $4,498.00 |
| 19. | Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document | |
| 20. | STATEMENT OF MONTHLY NET INCOME | |
| a. | Total monthly income from line 16 of Schedule I | $3,967.99 |
| b. | Total monthly expenses from line 18 above | 4,498.00 |
| c. | Monthly net income (a. minus b.) | ($530.01) |

In re: MICHAEL P. DARLING and
SANDRA R. DARLING

                         Debtor                                        Case No.

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

**DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR**

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 12 sheets (total Shown on summary page, plus 2), and that they are true and correct to the best of my knowledge, information and belief.

Date:    March 21, 2009

                                       /S/ _____
                                            Michael P. Darling  - Debtor

Date:    March 21, 2009

                                       /S/ _____
                                            Sandra R. Darling - Joint Debtor

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 156*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:   MICHAEL P. DARLING and
         SANDRA R. DARLING

Debtor(s)

STATEMENT OF FINANCIAL AFFAIRS

_____

**1. Income from Employment or Operation of Business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from the operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the last two years immediately preceding this calendar year. (A debtor that maintains, or has maintained financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income and expenses for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2009 to date: | $10,985 | husband's employment |
| | $4,987 | wife's employment |
| 2008: | $36,360 | husband's employment |
| | $27558 | wife's employment |
| 2007: | $89,904 | husband and wife's employment |

**2. Income Other than from Employment or Operation of Business**
State the amount of income received by the debtor other than from employment, trade, profession, or from operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| | AMOUNT | SOURCE |
|---|---|---|
| 2008: | $13,000 | workers' compensation |
| 2007: | | |

**3. Payments to Creditors        Complete a. or b., as appropriate, and c.**
a. *Individual or joint debtors with primarily consumer debts:* List all payments on loans, installment purchases of goods and services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| SunTrust Mortgage<br>P.O. Box 79041<br>Baltimore, MD 21279-0041 | January 2009<br>February 2009<br>March 2009 | $2,940<br><br>$986 | $110,751 |
| Canandaigua National Bank<br>72 South Main Street<br>Canandaigua, NY 14424 | January, February<br>March 2009 | $256/mo x 3 mos | $34,489.00 |
| GECCC<br>345 St Peters Street<br>St Paul, MN 55102 | January, February<br>March 2009 | $256 x 3 | $9,800.00 |

None   b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments of either or both spouses whether or not a joint petition is filed, unless the spouses are separated, and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None   c. *All debtors:* List all payments within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits, Executions, Garnishments and Attachments**
a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Capital One Bank (USA) v.<br>Michael P. Darling;<br>Index # | debt collection action | Canandaigua City Court | pending |

None    b. Describe all property that has been attached, garnished, or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, Foreclosures and Returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Sovereign Bank<br>865 Brook Street<br>Rocky Hill, CT 06067 | Repossession date: June 2008 | 2006 Ford F150 pickup |

**6. Assignments and Receiverships**

None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    b. List all property which has been in the hands of a custodian, receiver, or court appointed official within one year immediately preceding the commencement of this case (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    **7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts made to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

None    **8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

**9. Payments Related to Debt Counseling or Bankruptcy**

List any payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| Brian C. Buettner, Esq.<br>16 East Main Street, Suite 430,<br>Rochester, NY 14614 | filing fees:   $274.00<br>attorney fees:   $1,350.00 | payor: debtor<br>date(s) of payment:<br>October, November, December 2008, March 2009 |
|---|---|---|

**10. Other Transfers**

None    List all other property, other than property transferred in the ordinary course of business or the financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE(S) OF TRANSFER(S) | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None    b. List all other property, other than property transferred within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

None    **11. Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, saving, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

None    **12. Safe Deposit Box**

List each safe deposit box or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None    **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses, unless the spouses are separated and a joint petition is not filed.)

None    **14. Property Held for Another Person**

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior Address of Debtor**

None

If the debtor has moved within the past two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                              NAME USED                      DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None

If the debtor resides in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

**17. Environmental Information**

None

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the environmental law:.

None

b. List the name and address of every site which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

**18. Nature, Location and Name of Business**

None

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|-----------------------------|

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date

/S/        Michael P. Darling

Date

/S/        Sandra R. Darling

___ information sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. § 156*

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:   MICHAEL P. DARLING and
         SANDRA R. DARLING

                          Debtor(s)                    Bankruptcy Case No.

DISCLOSURE OF COMPENSATION OF ATTORNEY
FOR DEBTOR

1.    Pursuant to 11 U.S.C. §329(a) and Rule 2016(b) Bankruptcy Rules, I certify that I am the attorney for the above-named
      debtor(s) and that compensation paid to me within one year of filing of the petition for bankruptcy, or agreed to be paid to me,
      for services rendered or to be rendered on behalf of the debtor(s) in contemplation of, or in connection with the bankruptcy case
      is as follows:

      For legal services, I have agreed to accept          $1,350.00
      Prior to filing this statement, I have received      $1,350.00
      Balance due                                          $0.00

2.    The source of compensation paid to me was from earnings, wages and compensation for services performed, and

3.    The source of payments to be paid to me for the unpaid balance remaining, if any, will be from debtor(s)'s earnings, wages and
      compensation for services performed, and

4.    I have not agreed to share the above-disclosed compensation with any other entity.

5.    In return for the above-disclosed fees I have agreed to render legal services for all aspects of the bankruptcy case, including:
      a.    Analysis of the debtor's financial situation and rendering advice to the debtor in determining whether to file a petition
            under Title 11, United States Code;
      b.    Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court;
      c.    Representation of the debtor at the meeting of creditors and at any adjournments thereof;
      d.    Counseling and advice during and after the case;
      e.    Letters and telephone calls regarding the case;
      f.    Taking necessary actions for removal of income executions and/or restraints on property;
      g.    Preparation of any necessary motions and appearance at hearings to avoid liens on exempt property.

6.    By agreement with the debtor, the above disclosed fee does not include the following services:
      a.    Conversion to another chapter of the Bankruptcy Code;
      b.    Representation in adversary proceedings brought by creditors and other contested bankruptcy matters.  The debtor has
            agreed that if such services become necessary, and the debtor chooses to employ the same counsel, such services will
            be rendered at the rate of $125.00 per hour.

CERTIFICATIONS

I certify that the foregoing is a complete statement of any agreement or arrangement for the payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  March 21, 2009

                                          _____
                                          /S/  Brian C. Buettner, Esq.

# UNITED STATES BANKRUPTCY COURT

In re:    MICHAEL P. DARLING and
          SANDRA R. DARLING

                    Debtor(s)              Case No.

                                                      Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A**- Debts secured by property of the estate.  *(part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary*

| Property No. 1 | |
|---|---|
| Creditor's Name: Sun Trust Mortgage | Describe Property Securing Debt: residence |

Property will be *(check one)*:
   [] Surrendered                    [x]  Retained

If retaining the property, I intend to *(check at least one)*
   [] Redeem the property
   [x] Reaffirm the debt
   [] Other:  Explain                          (for example, avoid lien using 11 U.S.C. § 522(f))

Property is  (check one):
   [] Claimed as exempt              [x]  Not claimed as exempt

| Property No. 2 (if necessary) | |
|---|---|
| Creditor's Name:  GECCC | Describe Property Securing Debt: residence |

Property will be *(check one)*:
   [] Surrendered                    [x]  Retained

If retaining the property, I intend to *(check at least one)*
   [] Redeem the property
   [x] Reaffirm the debt
   [] Other:  Explain                          (for example, avoid lien using 11 U.S.C. § 522(f))

Property is  (check one) :
   [] Claimed as exempt              [x]  Not claimed as exempt

| Property No. 3 (if necessary) | |
|---|---|
| Creditor's Name:  Canandaigua National Bank | Describe Property Securing Debt: 2002 Chevrolet Silverado |

Property will be *(check one)*:
   [] Surrendered                    [x]  Retained

If retaining the property, I intend to *(check at least one)*
   [] Redeem the property
   [x] Reaffirm the debt
   [] Other:  Explain                          (for example, avoid lien using 11 U.S.C. § 522(f)

Property is  (check one) :
   [x] Claimed as exempt             []  Not claimed as exempt

**PART B** - Personal property subject to unexpired leases.  *(All three columns of part B must be completed for each unexpired lease.  Attach additional pages if necessary)*

| Property No. 1 | | |
|---|---|---|
| Lessor's  Name:<br><br>GMAC | Describe Leased  Property:<br><br>2006 Pontiac G6 | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A)<br>[x]  Yes          [] No |

 0  continuation sheet(s) attached

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**


Dated: March 21, 2009

                              /S/  Michael P. Darling


                              /S/  Sandra R. Darling